JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:25-cv-02248-SSS-SPx | Date | January 5, 2026 |
|---|---|---|---|
| Title | *Susana Reyes v. Federal Express Corporation et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING MOTION TO REMAND AND DENYING REQUEST FOR ATTORNEYS' FEES [DKT. NO. 14]**

Before the Court is Plaintiff's Motion to Remand and Request for Attorneys' Fees. [Dkt. No. 14, "Motion"]. Having considered the parties' arguments, relevant legal authority, and record in this case, the Court **GRANTS in part** the Motion.

**I. BACKGROUND**

On June 6, 2025, Plaintiff filed her Complaint in the Superior Court of California, County of San Bernardino, against Defendants FedEx Corporation and individual Brian Baiza. [*See* Dkt. No. 17-1, Ex. 1, "Compl."]. On July 24, 2025, Plaintiff dismissed FedEx Corporation from the action and filed an Amendment to the Complaint identifying "DOE 1" as Federal Express Corporation ("Federal Express"), the correct entity that had employed Plaintiff. [Dkt. No. 17-1, "Park Decl." ¶ 3, Exs. 2 and 3].

In the Complaint, Plaintiff alleges she began her employment with Federal Express in October 2018 as a Material Handler, that Baiza became her manager in

2021, and that she immediately noticed discriminatory treatment by him. [Compl. ¶¶ 16–17]. Plaintiff further alleges that throughout her employment she was prevented from taking rest breaks even though younger employees took breaks, that Baiza "would berate her for 'not working hard enough'" whenever she attempted to take a break, and that she heard from a coworker that Baiza had said "she had become 'too old to work.'" [*Id.* ¶¶ 17, 20].

Plaintiff alleges that in early October 2021 she first experienced "severe pain in her arm, back, and neck" which she reported to Baiza, that Baiza told her to go to the break room and put ice on her hand, and that the next day told her that "she would be reassigned to drive and pick up items." [*Id.* ¶ 18]. Plaintiff alleges she "continued to work as a driver through the months of November and December 2023." [*Id.* ¶¶ 18–19].

In the beginning of January 2024, Plaintiff alleges that she was placed back into the "manpower" section where her duties included lifting and manual work; that she immediately complained to Baiza and told him she was seeing a physician who had told her she would need hand surgery; that when she requested to be allowed to go to the onsite physician's clinic, Baiza "told her that 'too much time' had passed since she had been injured two months ago"; that when she brought her doctor's note which stated she could not lift more than 5 pounds with her injured left hand and read it aloud to Baiza, he "told her to throw the doctor's note in the trash" and said "he would deny any accommodations she might request. [*Id.* ¶¶ 21–23].

Further, Plaintiff alleges that, in late 2024, she requested a new pair of cargo pants due to normal wear and tear; that employees were entitled to request new pants and she was eligible for them; that Baiza denied her request "telling her that he was not responsible for uniform orders, and to speak to another worker about her request"; that she confirmed with another worker that Baiza was responsible for uniform requisition approvals; that she complained to a senior manager about Baiza's behavior who told her to tell him he had approved the pants order, and when she told Baiza, "he begrudgingly approved her request while staring at her and shaking his head throughout the conversation." [*Id.* ¶ 25].

As to her termination, Plaintiff alleges that a coworker had offered her a shrimp cocktail and told her to take it from the staff refrigerator; that Plaintiff took the shrimp cocktail from the refrigerator and shared it with another coworker; that unbeknownst to her, the coworker who offered her the shrimp cocktail had not yet

placed her shrimp cocktail back in the refrigerator; that Baiza called her into his office the next day and told her she was being suspended for misconduct in the workplace; and two weeks later she was terminated for "misconduct" for eating the shrimp cocktail.  [*Id.* ¶¶ 26–27].

Plaintiff alleges her termination was unlawful and her disability and age were motivating factors in Federal Express's decision to terminate her employment and refusal to accommodate her and/or engage in the interactive process.  [*Id.* ¶ 36].  Plaintiff asserts ten causes of action against Federal Express for discrimination based on disability and age, failure to accommodate, failure to engage in the interactive process, retaliation, failure to prevent discrimination and retaliation, wrongful termination, intentional infliction of emotional distress, and failure to provide rest periods in violation of California Labor Code section 226.7.  [*Id.* ¶¶ 33–101].  Plaintiff's only claim against Baiza is for intentional infliction of emotional distress.  [*Id.* ¶ 91–97].

On August 28, 2025, Defendant Federal Express filed its Notice of Removal based on diversity jurisdiction.  [Dkt. No. 1, "Notice of Removal"].  On September 30, 2025, Plaintiff filed a Motion to Remand and Request for Attorneys' Fees.  [Motion].  On October 24, 2025, Defendant Federal Express filed an Opposition.  [Dkt. No. 17, "Opp."].  On October 31, 2025, Plaintiff filed a Reply.  [Dkt. No. 18, "Rep."].

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction.  When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties, and (2) an amount in controversy over $75,000.  28 U.S.C. § 1332; *see Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018).  "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

Complete diversity requires "each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d

543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). However, a district court "may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Id.*; *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'").

There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009). Under the second theory of fraudulent joinder, "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state," then "the defendant's presence in the lawsuit is ignored for purposes of determining diversity." *Morris*, 236 F.3d at 1067 (citation modified).

However, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (citation modified) (emphasis added). "Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (citation modified).

"Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Ultimately, there is a "strong presumption" against removal jurisdiction, and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citation modified).

### III.  DISCUSSION

Defendant Federal Express asserts that Plaintiff's IIED claim against Defendant Baiza is meritless and that Baiza was fraudulently joined as a sham defendant to defeat diversity jurisdiction and avoid the appropriate federal forum. [Notice of Removal ¶ 7]. Specifically, Federal Express argues that Plaintiff's IIED claim is preempted by the California Workers' Compensation Act ("WCA"), [*id.* ¶ 14–15], and that Plaintiff fails to allege sufficient facts establishing Baiza's "extreme and outrageous" to support her IIED claim, [*id.* ¶ 10–13]. Plaintiff argues that her IIED claim against Defendant Baiza is not preempted by the WCA

because Baiza's conduct falls under an exception for when the conduct "exceeds the risks inherent in the employment relationship." [Motion at 10–11]. Plaintiff also asserts that there is no fraudulent joinder here because she has sufficiently pled the elements of IIED to establish a cause of action against Baiza. [*Id.* at 7–10]. As discussed below, the Court finds that (1) Defendant Federal Express has failed to meet its burden to establish by clear and convincing evidence Defendant Baiza was fraudulently joined based on preemption under the WCA and that (2) there is a non-fanciful possibility of IIED liability against Defendant Baiza and thus a finding of fraudulent joinder is inappropriate.

### A. Workers' Compensation Preemption

Under California law, "claims for emotional distress caused by the employer's conduct causing distress such as 'discharge, demotion, discipline or criticism' are preempted by the Workers' Compensation Act, even when the employer's acts causing the distress are intentional or outrageous." *Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1054 (C.D. Cal. 2013); Cal. Lab. Code. § 3601(a); *see also Langevin v. Fed. Exp. Corp.*, No. 14-CV-08105-MMM-FFMx, 2015 WL 1006367, at *8 (C.D. Cal. Mar. 6, 2015) (noting the WCA "provides the exclusive remedy for an intentional infliction of emotional distress claim that is based solely on alleged personnel activity"); *Yau v. Santa Margarita Ford, Inc.*, 229 Cal. App. 4th 144, 161 (2014) ("[E]motional injuries sustained in the course of employment are preempted by the workers' compensation scheme and generally will not support an independent cause of action."). "Such distress, whether intentional or negligent conduct on the part of the employer, is considered 'part of the normal risk of employment' and hence subject to the exclusive remedies of the workers' compensation laws." *Onelum*, 948 F. Supp. 2d at 1054 (quoting *Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 24 Cal. 4th 800, 814–15 (2001)).

However, "there are exceptions to WCA preemption for 'conduct that contravenes fundamental public policy' and that 'exceeds the risks inherent in the employment relationship.'" *Hernandez*, 2024 WL 3556165, at *8 (quoting *Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 902 (2008)); *Onelum*, 948 F. Supp. 2d at 1054. California law permits a separate, non-WCA civil action "if the conduct of the employer has a 'questionable' relationship to the employment or where the employer steps out of his proper role." *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1180 (N.D. Cal. 2003) (quoting *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal. 3d 148, 233 (1987)). Claims of "discrimination and retaliation fall outside the compensation bargain and therefore claims of intentional infliction of emotional

distress based on discrimination and retaliation are not subject to workers' compensation exclusivity." *Barringer v. Wal-Mart Stores, Inc.*, No. 22-CV-01396-CJC-JDEx, 2022 WL 4356106, at *2 (C.D. Cal. Sept. 19, 2022) (citing *Light v. Dep't of Parks & Recreation*, 14 Cal. App. 5th 75, 101 (2017)).

"A plaintiff need not perfectly allege a claim that falls outside WCA preemption in order to avoid a finding of fraudulent joinder." *Hernandez*, 2024 WL 3556165, at *8; *see, e.g.*, *Golda v. Residence Inn by Marriott, LLC*, No. 18-CV-8573-DMG-AFMx, 2019 WL 102375, at *3 (C.D. Cal. Jan. 4, 2019) ("Plaintiff does not explicitly tie his IIED claim to retaliation, . . . [but] if pled more carefully in a subsequent amended complaint, these theories could possibly support a cause of action for IIED that falls outside the normal employment relationship, and therefore outside of WCA preemption." (citation modified)).

Gauging whether an IIED claim arises from actions within the "normal part of the employment relationship," and is therefore preempted by the WCA, is a "heavily fact intensive" inquiry into "the nature of defendants' conduct and whether it is so far out of the normal risks of the employment relationship as to be beyond the reach of Workers' Compensation." *Calero*, 271 F. Supp. 2d at 1181. That analysis requires, however, that "district courts must resolve ambiguities in the controlling state law in favor of the non-removing party when evaluating fraudulent joinder." *Onelum*, 948 F. Supp. 2d at 1055. As stated above, "remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend [her] complaint to cure the purported deficiency." *Rangel*, 200 F. Supp. 3d at 1033.

Here, Defendant Federal Express has failed to meet its burden to establish by clear and convincing evidence Defendant Baiza was fraudulently joined based on preemption under the WCA. To support the claim for IIED, Plaintiff alleges, based on information and belief, that Defendant Baiza discriminated against her, [Compl. ¶ 20], and retaliated against her when she complained, [*id.* ¶ 27]. *See Barringer*, 2022 WL 4356106, at *2 (holding claims of retaliation can fall outside the employment relationship).

Although the allegations are thin, in light of the "strong presumption" against removal jurisdiction, the Court cannot conclude Plaintiff could not amend her complaint to successfully allege a claim for IIED that is not barred by the WCA. *See De Peralta v. Fox Restaurant Concepts, LLC*, No. 17-CV-7740-PSG-PLAx, 2018 WL 748287, at *5 (C.D. Cal. Feb. 6, 2018) ("Ultimately, the shortcomings of Plaintiff's allegations do not necessarily mean that his IIED claim

is fanciful and that therefore [individual Defendant] was fraudulently joined."); *see also Saunders v. Sally Beauty Supply LLC*, No. 20-CV-2421-GW-PLAx, 2020 WL 1847620, at *2 (C.D. Cal. Apr. 10, 2020) ("[C]ourts have noted that part of the difficulty in relying upon workers' compensation exclusivity to satisfy the fraudulent joinder standard is the lack of certainty in the law on this subject."). Just as in *Barringer*, there is a "non-fanciful possibility that Plaintiff could amend her complaint to show that the emotional distress she suffered was due to discriminatory, retaliatory, or harassing conduct outside the normal employment relationship, if she does not already allege that sufficiently." 2022 WL 4356106, at *3.

Therefore, Defendant Federal Express has not shown that, given the generous amendment policy in California courts, Plaintiff would not be granted the chance to cure her Complaint's deficiencies. *See Howard v. Cty. of San Diego*, 184 Cal. App. 4th 1422, 1428 (2010) (stating that a California "court's discretion will usually be exercised liberally to permit amendment of the pleadings"). The Court cannot conclude that it would be *impossible* for Plaintiffs to plead new or additional facts showing Defendant Baiza's conduct "exceed[ed] the risks inherent in the employment relationship." *Miklosy*, 44 Cal. 4th at 902. Defendant thus fails to meet its burden to establish Plaintiff's IIED claim against Defendant Baiza is barred by the Workers Compensation Act. As such, the Court determines that remand is proper because Plaintiff will likely be given the chance to amend her Complaint, and the Court must resolve any doubts against removal in favor of remand.

### B.     Elements of the IIED Claim

As mentioned, fraudulent joinder may be established by an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter*, 582 F.3d at 1044. Under this theory, "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state," then "the defendant's presence in the lawsuit is ignored for purposes of determining diversity." *Morris*, 236 F.3d at 1067 (citation modified). However, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (citation modified) (emphasis added).

To state a claim for IIED, a plaintiff must show that (1) the defendant subjected him to extreme and outrageous conduct; (2) the defendant's intention of

causing, or reckless disregard of the probability of causing, emotional distress; (3) plaintiff suffered severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by defendant's outrageous conduct. *Cervantez v. J.C. Penney Co.*, 24 Cal. 3d 59, 593 (1979). To be outrageous, conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized society." *Trerice v. Blue Cross of Cal.*, 209 Cal. App. 3d 878, 883 (1989).

Defendant argues that Plaintiff fails to state a plausible claim for IIED because Plaintiff fails to sufficiently allege that Defendant Baiza engaged in extreme or outrageous conduct. [Opp. at 11–14]. That is not necessarily true. Plaintiff alleges that Defendant Baiza berated her when she attempted to take a break, prevented her from seeing an onsite physician, said she was "too old to work," instructed her to tear up her doctor's note regarding accommodations, and retaliated against her by suspending her and terminating her employment when she complained. [*See* Compl. ¶ 17, 20, 23, 27]. This might state a plausible claim for intentional infliction of emotional distress. Even if Plaintiff's current allegations are insufficient, it is possible that Plaintiff could cure any insufficiencies in her complaint through amendment—a possibility that has led courts to remand similar cases. *See, e.g.*, *De Peralta*, 2018 WL 748287, at *5 (citation modified). "In other cases in which defendants have argued that a supervisor's alleged conduct was not sufficiently outrageous to support an intentional infliction of emotional distress claim, district courts applying the fraudulent joinder standard have generally found a non-fanciful possibility of liability, even where plaintiff's claim appeared relatively weak." *Id.* (citing *Burris v. AT & T Wireless, Inc.*, No. 06-C-02904-JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)) (citation modified).

"If there is *any* possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Hunter*, 582 F.3d at 1043. Because there is a non-fanciful possibility of IIED liability against Defendant Baiza, a finding of fraudulent joinder is inappropriate.

### C. Request for Attorneys' Fees

Plaintiff asks the Court to award her the attorney fees she incurred bringing this motion. [Motion at 11–12]. "An order remanding the case may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). While the decision to award fees

is in the Court's broad discretion, "absent unusual circumstances, courts may award attorneys' fees . . . only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F. 3d 1062, 1065 (9th Cir. 2008).

Here, while the Court concludes that Plaintiff could assert a plausible claim against Defendant Baiza that is not preempted by the WCA, the Court does not find Defendant Federal Express's arguments in support of removal objectively unreasonable. An award of fees is therefore not warranted.

## IV. CONCLUSION

In conclusion, the Court **GRANTS** Plaintiff's Motion to Remand. The Court **DENIES** Plaintiff's request for attorneys' fees and costs. Each party shall bear its own costs. The case is hereby **REMANDED** to the Superior Court of California, County of San Bernardino.

**IT IS SO ORDERED.**